## No. 735

### COLLINGWOOD BRICK & CLAY CO. v. McCARTHY, Admr.

Ohio Appeals, 6th Dist., Lucas Co.

No. 1783. Decided Nov. 22, 1926.

First Publication of this Opinion.

829. NEGLIGENCE.—Where doctrine of last chance does not apply.

Error to Common Pleas.
Judgment reversed.

Smith, Baker, Effler & Eastman, Toledo, for Company.

C. A. Thatcher and C. A. Meck, Toledo, for McCarthy.

WILLIAMS, J.

An action was brought by Michael McCarthy, administrator of the estate of Margaret Weaver, deceased, against the Collingwood Brick & Clay Co. to recover for the alleged wrongful death of the decedent. A verdict of $8,000 was returned in plaintiff's favor, and judgment thereon was rendered. The decedent was struck by a truck of the Company, and died from the injuries received thereby.

The verdict of $8,000 is not excessive as the jury could well find that decedent was earning $100 a month, and, at 40 years of age, she would have an expectancy of more than seven years.

The only error committed was in the charge of the court, in which the doctrine of last chance was sought to be applied, and which doctrine has no application to the state of facts disclosed by the record.

Under that doctrine, a plaintiff may recover for the death of his decedent even though the decedent were negligent in getting into a place of danger, providing such negligence had ceased long enough so that the wrongdoer, by the exercise of ordinary care after the cessation of negligence, could have avoided the collision, provided the want of ordinary care of the wrongdoer is the direct and proximate cause of the death and that decedent is not guilty of any subsequent act of negligence directly contributing to her injury. Penna. Co. v. Hart, 101 OS. 196, 199, 200.

In the instant case the decedent may have been negligent either in going in front of the truck as it struck her or in not getting out of its way as it approached her, and such negligence would not have ceased before she was struck, so that the doctrine does not apply.

Much of the error in the charge was highly prejudicial to plaintiff in error, and therefore the judgment is reversed and cause remanded.

(Culbert and Richards, JJ., concur.)